Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*[Additional Counsel on Signature Page]*
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE DEGRAW**, *on behalf of himself and all others similarly situated*, | Case No. |
| *Plaintiff*, | **CLASS ACTION** |
| v. | **COMPLAINT FOR VIOLATIONS OF:** |
| **RANGE VIEW MANAGEMENT LLC** d/b/a **LENDBEE**, | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| *Defendant*. | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      This action arises out of the offensive marketing practices of Defendant, Range View Management LLC d/b/a LendBee ("Defendant" or "LendBee") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      LendBee makes, or has made on its behalf, prerecorded telemarketing calls soliciting its financial services and products.

3.      LendBee makes these calls to individuals on the National Do-Not-Call Registry.

4.      LendBee makes these calls to individual who have previously requested not to be called and to be added to LendBee's internal do-not-call list.

5.      Accordingly, Plaintiff George DeGraw ("Plaintiff" or "Mr. DeGraw") brings this action on behalf of himself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7.      This Court has jurisdiction over Defendant because Defendant is headquartered in this District, conducts business transactions in this District and has committed tortious acts in/from this District.

8.      Venue is proper in this District because Defendant resides within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## PARTIES

9.      Plaintiff George DeGraw ("Mr. DeGraw" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Huntington Beach, California.

10.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11.      Defendant is, and at all times mentioned herein was, a Wyoming Limited Liability Company with offices located at 555 Anton Blvd. #150, Costa Mesa, California 92626.

12.      Defendant may be served via its registered agent, Paracorp Incorporated, 1912 Capitol Avenue, Suite 500, Cheyenne, Wyoming 82001.

13.      Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## TCPA BACKGROUND

14.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law]

prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

### *Prohibition of Prerecorded or Artificial Voice Calls*

15.    Section 227(b) of the TCPA prohibits making ***any*** call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

16.    A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. *See* 47 U.S.C. § 227(b)(3)(B) and (C).

### *National Do-Not-Call Registry and Internal Do-Not-Call List*

17.    The TCPA establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

18.    These regulations are codified at 47 C.F.R. §§ 64.1200(c)(1-2).

19.    Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §

64.1200(c)(2).

20.    A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

21.    The TCPA also specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

22.    The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

23.    Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

24.    The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

25.    However, recognizing that an honor system would probably be

insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

26.     These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

27.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

28.     These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

29.     Accordingly, all telemarketing calls violate the TCPA, unless

---

[1]  The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

Defendant can demonstrate that it has implemented the required policies and procedures.

30.    There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

31.    These requirements are separate but cumulative.  In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

32.    Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones that are used for residential purposes. 47 C.F.R. § 64.1200(e).

*Vicarious Liability*

33.     Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Netowrk, LLC et al. for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

34.     Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## FACTUAL ALLEGATIONS

35.     Mr. DeGraw is the user of a cellular telephone number ending in 0876.

36.     Mr. DeGraw's cellular telephone number ending in 8076 is used for residential purposes.

37.    Mr. DeGraw's telephone number ending in 0876 has been on the National Do-Not-Call Registry since March 18, 2008.

38.    In March 2024, Mr. DeGraw began receiving marketing calls made by or on behalf of LendBee soliciting him with financial services and products.

39.    These calls all came from changing ten digit numbers.

40.    For example, on March 7, 2024 at 11:15 am, Mr. DeGraw received a call from (254) 481-1699 that left the following prerecorded message on his voicemail:

> This is an important update from the Economic Impact Relief Center regarding your Economic Impact Relief Application.  Phone number (844) 513-6097.  Special enrollment period for the Economic Impact Relief Program is coming to an end.  You are receiving this call as we have yet to receive the final documents needed to finalize your applications.   With special enrollment coming to an end, please call us immediately at (844) 513-6097. Again that's (844) 513-6097.  As a reminder, your eligibility is only good for the duration of the special enrollment period.  We look forward to hearing from you soon.

41.    When Mr. DeGraw called (844) 513-6097, he was connected to a representative of LendBee that would attempt to solicit him with LendBee's products and services.

42.    Upon information and belief, LendBee would leave vague and misleading prerecorded messages of the above nature to encourage individuals to call back.

43.    When LendBee would receive a call back, the representatives would then solicit LendBee's services and products.

44.    Mr. DeGraw received additional calls from LendBee that played the same or similar prerecorded messages (as the one transcribed above) on at least the following dates and times:

- March 7, 2024 at 2:18pm from (774) 267-6711;

- March 8, 2024 at 9:02am from (254) 481-1803;

- March 8, 2024 at 11:24am from (254) 481-1809;

- March 8, 2024 at 12:25pm from (254) 481-1814;

- March 8, 2024 at 1:56pm from (254) 481-1818;

- March 11, 2024 at 8:52am from (254) 863-0187;

- March11, 2024 at 3:00pm from (254) 863-0220;

- March 11, 2024 at 4:58pm from (254) 863-0232;

- March 12, 2024 at 8:56am from (254) 863-0308; and

- March 12, 2024 at 10:43am from (254) 864-0308.

45.    On March 8, 2024, Mr. DeGraw called telephone (844) 513-6097 and was connected to a LendBee representative.

46.    The LendBee representative stated he was in the lending division and attempted to solicit Mr. DeGraw with a loan.

47.    Mr. DeGraw informed the LendBee representative that he was on the

National Do Not Call list.

48.     Mr. DeGraw requested that he be placed on LendBee's internal do-not-call list.

49.     The LendBee representative confirmed that he would put Mr. DeGraw's number on the internal do-not-call list and that he would not receive any further calls.

50.     As shown above, Mr. DeGraw continued to receive calls after his March 8,2024 do not call request.

51.     Mr. DeGraw did not provide his consent to receive these calls from LendBee.

52.     Mr. DeGraw requested that LendBee cease calling him.

53.     LendBee's records or the records of third parties will reveal all of the calls LendBee made, or had made, to Mr. DeGraw.

54.     LendBee or those otherwise calling on LendBee's behalf, did not have written do-not-call policies or procedures at the time of the calls to Mr. DeGraw and the classes defined below.  Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued calls to Mr. DeGraw after he directly asked not to be contacted.

55.     Defendant's violations were negligent.

56.    Alternatively, Defendant's violations were willful and knowing.

57.    Mr. DeGraw and the classes were damaged by the violations alleged herein.    Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted calls.    The calls were annoying and a nuisance, and wasted the time of Mr. DeGraw and the class members.    *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

### DEFENDANT'S LIABILITY

58.    Defendant uses automated systems to make telephone calls, to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

59.    Certain of these calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

60.    For violations of 47 U.S.C. § 227(b), Mr. DeGraw is entitled to a minimum of $500 per call.    *See* 47 U.S.C. § 227(b)(3)(B).

61.    Mr. DeGraw is entitled to $1,500 per call if LendBee's actions are found to be knowing or willful. See 47 U.S.C. § 227(b)(3)(C).

62.    In addition, LendBee, made two or more telephone solicitations to Mr. DeGraw, whose number was on the National Do-Not-Call Registry at the time of

the calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

63.    Accordingly, for violations of 47 C.F.R. § 64.1200(c), Mr. DeGraw is entitled to $500 per call through 47 U.S.C. § 227(c).

64.    Mr. DeGraw is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or willful.

65.    LendBee made two or more telemarketing calls to Mr. DeGraw despite not having in place the required policies and procedures prior to making such calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.6200(d).

66.    Accordingly, for violations of 47 C.F.R. § 64.1200(d), Mr. DeGraw is entitled to an additional $500 per call through 47 U.S.C. § 227(c).

67.    Mr. DeGraw is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

68.    Mr. DeGraw brings this action under Fed. R. Civ. P. 23 on behalf of three "Classes," defined as follows:

## THE TCPA CLASSES

Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called  using an artificial

or prerecorded voice message for the same purpose Plaintiff was called.

("Prerecorded Class")

Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls and/or text messages in a 12-month period when the telephone number to which the telephone calls or texts were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls/texts, from four years prior to the filing of the Complaint through class certification.

("Registry Class")

Plaintiff and all persons within the United States whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls and/or text messages in a 12-month period.

("Policy Class")

(The Prerecorded Class, the Registry Class, the Policy Class, are collectively referred to herein as the "Classes.")

69.    Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

70.    The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

71.     The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

    a.     The time period(s) during which Defendant made its calls;

    b.     The telephone numbers to which Defendant called;

    c.     The telephone numbers for which Defendant had prior express written consent;

    d.     The purposes of such calls; and

    e.     The names and addresses of Class members.

72.     The Classes are comprised of hundreds, if not thousands, of individuals.

73.     There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a.     Whether Defendant (or someone acting on its behalf) makes telemarketing calls;

    b.     Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

    c.     Whether Defendant or the entity with which it contracts makes solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;

d.    Whether Defendant had the required policies and procedures prior to making telemarketing calls;

e.    Whether Defendant's statutory violations were willful and knowing; and

f.    Whether Defendant should be enjoined from engaging in such conduct in the future.

74.    Plaintiff is a member of the Classes in that Defendant made two or more prerecorded calls for telemarketing purposes, in a one-year period to his telephone number, without his prior express written consent, after he asked Defendant to stop, and while his telephone number was on the National Do-Not-Call Registry.

75.    Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

76.    Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

77.    Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

78.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

79.    Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

80.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

81.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

82.    Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. §227(b)
### (On behalf of Plaintiff and the Prerecorded Class)

83.    Mr. DeGraw and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

84.    Defendant placed, or had placed on its behalf, prerecorded telephone calls to Mr. DeGraw's and Class Members' telephone numbers without prior express consent.

85.    The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

86.    Defendant has therefore violated 47 U.S.C. § 227(b).

87.    As a result of Defendant's unlawful conduct, Mr. DeGraw and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

88.    Mr. DeGraw and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

89.    Mr. DeGraw and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

90.    Defendant made, or had made on its behalf, calls constituting telephone solicitations to Plaintiff's and putative Registry Class Members' telephone numbers.

91.    Plaintiff's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

92.    Plaintiff and putative Registry Class Members each received two or more such calls in a 12-month period.

93.    Plaintiff and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

94.    Plaintiff and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

### THIRD CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On behalf of Plaintiff and the Policy Class)

95.    Mr. DeGraw and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

96.    Defendant made numerous calls for telemarketing purposes to Plaintiff's and putative Policy Class Members' telephone numbers.

97.    Defendant did so despite not having a written policy pertaining to "do not call" requests.

98.    Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

99.    Defendant did so despite not recording or honoring "do not call" requests.

100.    Defendant made two or more telemarketing calls to Plaintiff and putative Policy Class Members' telephone numbers in a 12-month period.

101.    Plaintiff and putative Policy Class Members are entitled to an award of $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

102.    Plaintiff and putative Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing his counsel as Class Counsel;

B.    An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C.    An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.    An award of statutory damages;

E.    An award of treble damages;

F.    An award of reasonable attorneys' fees and costs;

G.    Such other and further relief that the Court deems reasonable and just.

# JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

By:        */s/ Todd M. Friedman*

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.

Max S. Morgan, Esquire
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Attorneys for Plaintiff